UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANDREW LEE KNIGHT**                                      **CIVIL ACTION**

**VERSUS**                                                 **NO: 17-12456**

**KIRBY OFFSHORE MARINE, LLC ET AL.**                      **SECTION "H"**

### ORDER

    This matter is before the Court on remand from the Fifth Circuit Court of Appeals. A two-day bench trial was held in this maritime personal injury case in February 2019. On May 10, 2019, the Court issued its Findings of Fact and Conclusions of Law.[1] The Court held that Plaintiff Andrew Lee Knight was 50% at fault for injuring his ankle aboard Defendant Kirby Offshore Marine, LLC's vessel, the M/V SEA HAWK, because he (1) failed to watch his footing while replacing a chafed stern line and (2) failed to move the chafed stern line to a safer location. The Court apportioned the remaining 50% of the fault to Defendant based on the negligence of its captain in ordering Plaintiff to change the chafed stern line during rough seas. The Court awarded Plaintiff damages of $343,618. Because the Court found Plaintiff to be 50% at fault, his total award was reduced to $171,809.

    On December 17, 2020, the Fifth Circuit issued its opinion on the issues that the parties raised on appeal.[2] While the circuit court affirmed most of this Court's decision, it held that there was no evidence to support the finding that

---

[1] Doc. 39.
[2] Doc. 63.

Plaintiff was negligent in his placement of the chafed stern line. It cited to evidence showing that the stern line was placed in accordance with standard operating procedures. The Fifth Circuit remanded the matter for this Court to "find a percentage of contributory negligence based solely on Knight's stepping on the line."[3]

Thereafter, this Court ordered the parties to brief the appropriate allocation of fault based on the Fifth Circuit's ruling. In his brief, Plaintiff argues that, based on the Fifth Circuit's ruling, the Court should allocate minimal fault to him. He argues that the evidence at trial showed that he did not intentionally step on the rope; rather, he lost his balance because of the rolling of the vessel and inadvertently stepped on the rope. Plaintiff argues therefore that the bulk of the fault should be allocated to Defendant because its captain ordered Plaintiff to change the stern line during dangerous conditions, which caused Plaintiff to lose his balance and step on the rope. He argues that if the line had been negligently placed, he would bear some responsibility for losing his balance and stepping on it. However, because the rope was placed pursuant to standard operating procedures, "the act of stepping on it because of the rolling of the vessel can only minimally be attributed to any lack of care" on his part.[4]

On the other hand, Defendant argues that there should be no reduction to Plaintiff's allocation of fault. It argues that its allocation of fault should not be increased where neither party was negligent for placement of the line. It argues that Plaintiff placed the line on the deck, knew of its location, and then carelessly stepped on it because he was not watching his step.

---

[3] Doc. 63.
[4] Doc. 65.

The Court reiterates its finding of fault as to Defendant—ordering replacement of the stern line in poor weather conditions was negligent. Further, the Court confirms its prior finding that Plaintiff, an experienced seaman, should have been aware of his surroundings and watched his foot placement.

Accordingly;

**IT IS ORDERED** that the Court's Findings of Fact and Conclusions of Law (Doc. 39) is **AMENDED** to apportion fault 80% to Defendant and 20% to Plaintiff. Any reference to Plaintiff's negligence in placement of the stern line is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an amended judgment against Defendant on his Jones Act negligence claim in the amount of $274,894.40 plus applicable prejudgment and postjudgment interest.

New Orleans, Louisiana this 27th day of April, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**